UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:10-cr-00098-CEH-TBM-2

JESUS CARREON, III
_____/

**ORDER**

This matter comes before the Court upon Defendant Jesus Carreon, III's "Motion under § 3582(c) Compassionate Release/Reduction in Sentence for Extraordinary and Compelling Reasons" [Doc. 530], the United States' Response in Opposition [Doc. 532], and Defendant's Reply [Doc. 533]. In the motion, Defendant requests compassionate release pursuant to the First Step Act of 2018, due to COVID-19 concerns. The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for compassionate release.

**I.    BACKGROUND**

On July 29, 2010, Defendant, Jesus Carreon, III, pleaded guilty to one count of conspiracy to possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, and one count of possession with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii), and 18 U.S.C. § 2. [Docs. 106, 108, 48]. The plea was accepted by the Court on August 17,

2010, and Defendant was adjudged guilty of the offenses. [Doc. 149]. On December 21, 2010, he was sentenced to 235 months' imprisonment and sixty months of supervised release. [Doc. 269 at p. 2]. The sentence was later reduced to 188 months, pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782, followed by sixty months of supervised release. [Doc. 523]. Defendant is currently incarcerated at the Marianna FCI, Marianna, Florida. He is scheduled to be released on June 26, 2024. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/ (last accessed on November 1, 2021).

On August 4, 2020, Defendant filed the instant motion seeking modification of his sentence based on the COVID-19 pandemic, his medical conditions, and concerns about the Bureau of Prison's (BOP) response to the pandemic.[1] [Doc. 530]. He represents that he suffers from obstructive sleep apnea, obesity, and a ventral hernia like mass in his abdomen that affects his breathing, and he says that he also has a history of cigarette smoking. *Id.* at pp. 4, 7-10. He argues that the Covid-19 pandemic is an extraordinary and compelling reason to warrant compassionate release and explains that his underlying conditions make him particularly vulnerable to the virus, especially in an institutional setting. *Id.* at p. 11-12. He further argues that the applicable factors under 18 U.S.C. § 3553(a) favor his request for reduction. *Id.* at pp. 12-13.

---

[1] The Court notes that Defendant's complaints regarding the BOP's response to COVID-19 relate to FCI Coleman Low, where he was housed when he filed his motion. He is no longer housed at that facility and there are no allegations as to the response at his current facility.

The Government, however, contends the motion should be denied. [Doc. 532] at p. 1]. It argues that Defendant failed to exhaust administrative remedies, having not appealed the Warden's denial of his request, and that Defendant failed to provide an extraordinary and compelling reason to permit his early release from prison, as his current medical records indicate he no longer presents one of the CDC-designated risk factors, obesity, that qualifies as "an extraordinary and compelling reason" to warrant compassionate release. *Id.* at pp. 1, 7-10. In reply, Defendant argues that he has at least two of the CDC recognized serious medical conditions and that he could not provide supporting medical records as the BOP has failed to provide him with the required medical care. [Doc. 533 at p. 3].

## II. LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i). Effective December 21, 2018, the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully*

3

> *exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

Accordingly, a court may reduce a sentence upon motion of a defendant provided that: (1) the inmate has either exhausted his or her administrative appeal rights of the BOP's failure to bring such a motion on the inmate's behalf or has waited until 30 days after the applicable warden has received such a request; (2) the inmate has established "extraordinary and compelling reasons" for the requested sentence reduction; and (3) the reduction is consistent with the Sentencing Commission's policy

4

statement. *See id.* Courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2] *See* §3582(c)(1)(A).

The defendant generally bears the burden of establishing that compassionate release is warranted. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (providing that defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c) due to a retroactive guideline amendment); *United States v. Heromin*, Case No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019) (citing *Hamilton* in the context of a § 3582(c) motion for compassionate release).

## III. DISCUSSION

Administrative Exhaustion

Pursuant to 18 U.S.C. § 3582(c)(1)(A), courts may consider a motion for compassionate release if thirty days have passed since the warden of the defendant's facility received the request for such relief, even if the defendant has not appealed a denial of that request. Here, Defendant requested compassionate release through the BOP administrative process on July 2, 2020 and was denied the same day. [Doc. 530-

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

1 at pp. 31-32]. Defendant then filed the instant Motion for Compassionate Release on August 4, 2020, more than thirty days later. [Doc. 530]. As such, the Court may consider the merits of Defendant's claim.

Extraordinary and Compelling Reasons

In its existing policy statement on compassionate release, the Sentencing Commission identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. § 1B1.13, cmt. N. 1(A)–(D); *United States v. Bryant*, 996 F.3d 1243, 1249 (11th Cir. 2021). Only the first and fourth factor are potentially relevant here as Defendant is only 33 years of age and does not allege any extraordinary family circumstances.

*Medical Condition*

Under the first factor, a defendant's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition, or serious functional or cognitive impairment, or experiencing deteriorating physical or mental health due to aging, that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. §1B1.13, cmt. N. 1(A). Defendant alleges he suffers from obstructive sleep apnea, obesity, a ventral hernia-like mass which affects his breathing, and a history of cigarette smoking. [Doc. 530 at p. 4]. He provided the report of a sleep study

6

performed February 3, 2010. [Doc. 530-1 at pp. 2-7]. At the time, he was 22-years-old and had a history of morbid obesity and nicotine dependence.[3] *Id.* at p. 2. Based on the study, it was determined that Defendant suffered from obstructive sleep apnea that may be adequately, but incompletely, rectified using a CPAP. *Id.* at p. 3. The report also reflected that "[n]o cardiac arrhytmias were detected during the study." *Id.* He also provided a chart from the BOP listing medical problems diagnosed between 2011 and 2013 as well as an excerpt of the transcript of his 2011 sentencing where the Court addressed his medical issues, including the ventral hernia-like mass in his abdomen. *Id.* at 32–35.

There is no record of Defendant's medical condition at the time he filed his motion as all the evidence provided is from nearly a decade ago. While the Court acknowledges Defendant's explanation that these records are lacking because the BOP has not provided him with the required medical care, Defendant has not provided any evidence that he requested and was denied medical care. In the absence of evidence regarding his current medical condition, Defendant cannot establish that he is suffering from a terminal illness with an end-of-life trajectory. In addition, there is no evidence that COVID-19 has affected Defendant's ability to care for himself in the prison environment. Therefore, Defendant fails to demonstrate an extraordinary and compelling reason based on his medical condition. *See Hamilton*, 715 F.3d at 337

---

[3] Defendant is now 34-years-old.

(defendant bears the burden of establishing a reduction of sentence is warranted under § 3582(c)).

### *Other Reasons*

Defendant similarly fails to demonstrate extraordinary and compelling reasons for a reduction in his sentence under the fourth factor. The fourth factor, which has been described as a catch-all provision, applies when, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in the subdivisions (A) through (C)." U.S.S.G. §1B1.13, cmt. N. 1(D). "[D]istrict courts [are precluded] from finding extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13." *United States v. Giron*, No. 20-14018, 2021 WL 4771621, at *2 (11th Cir. Oct. 13, 2021) (citing *Bryant*, 996 F.3d at 1263-65). "[T]he [Sentencing Reform Act] did not put district courts in charge of determining what would qualify as extraordinary and compelling reasons that might justify reducing a prisoner's sentence." *Bryant*, 996 F.3d at 1249. As such, courts do not have the freedom to define "extraordinary and compelling reasons." *Id.* at 1264.

The Court rejects Defendant's claim that "[t]he Covid-19 pandemic is an extraordinary and compelling reason." [Doc. 530 at 11–12]. First, he has not cited any decision by the BOP that Covid-19 and/or an increased risk of serious illness from COVID-19 due to one's medical conditions constitute an extraordinary and compelling reason that allows for a sentence reduction under Application Note 1(D).

8

Moreover, as noted above, there is no evidence of Defendant's recent medical condition. As such, the Court cannot find that Defendant has an increased risk of health complications related to Covid-19, even if the BOP had designated that consideration as an "other compelling reason" for a reduction. The Court also notes that the BOP's website is currently reporting that only one member of staff at Marianna FCI is presently infected with Covid-19. Additionally, that facility has reported no deaths, and 259 inmates have recovered from Covid-19 since the start of the pandemic. (https://www.bop.gov/coronavirus/ last accessed October 28, 2021).

As Defendant has failed to establish an "extraordinary and compelling reason" for the requested reduction, the Court need not address the 3553 factors. As noted by the appellate court in *Giron*, "if the district court finds that no extraordinary and compelling reason exists, then it cannot reduce the inmate's sentence—even if the § 3553(a) factors favor doing so." 2021 WL 4771621, at *3. *See also Bryant*, 996 F.3d at 1254 ("If [defendant] is dangerous or if his circumstances do not match any of the four categories, then he is ineligible for a reduction. If he is not dangerous and his circumstances fit into an approved category, then he is eligible, and the court moves on to consider the Section 3553(a) factors in evaluating whether a reduction should be granted."). Having concluded that Defendant has failed to establish an extraordinary and compelling reason for a sentence reduction, the Court need not address the Section 3553(a) factors.

Accordingly, it is hereby **ORDERED**:

1. Defendant's Motion for Compassionate Release [Doc. 530] is DENIED.

2. The Clerk is directed to mail a copy of this Order to Defendant at his current address, FCI Marianna, 3625 FCI Road, Marianna, FL 32446.

**DONE AND ORDERED** in Tampa, Florida on November 2, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any